IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TADEUSZ WYRZYKOWSKI,<br><br>        Plaintiff,<br>   v.<br><br>COUNTY OF MARIN, *et al.*,<br><br>        Defendants.<br>                                                / | No. C 11-3239 SI<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND GRANTING PLAINTIFF LEAVE TO AMEND THE COMPLAINT** |

Defendant's motion to dismiss the complaint is scheduled for a hearing on December 9, 2011. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court GRANTS defendant's motion and GRANTS plaintiff leave to amend the complaint. If plaintiff wishes to amend the complaint, the amended complaint must be filed by **December 22, 2011**. **If plaintiff fails to file an amended complaint, the Court will dismiss this action without prejudice for failure to prosecute.**

**BACKGROUND**

On June 30, 2011, *pro se* plaintiff Tadeusz Wyrzykowski filed this lawsuit against the County of Marin, numerous current and former County employees, and several non-County individuals. On September 28, 2011, plaintiff filed a first amended complaint, and on October 12, 2011, plaintiff filed a motion to file a second amended complaint, along with a proposed second amended complaint. On October 18, 2011, defendant County of Marin[1] moved to dismiss the proposed second amended

---

[1] All defendants who have been served have joined in the motion to dismiss.

complaint. That same day, the case was reassigned to the undersigned judge. Plaintiff has not filed an opposition to the motion to dismiss.

Prior to reassignment, Magistrate Judge Spero held a case management conference on October 14, 2011. None of the parties appeared at the case management conference, and on October 18, 2011, Judge Spero issued an order to show cause why the case should not be dismissed for failure to prosecute. Judge Spero scheduled a hearing for November 4, 2011 on the order to show cause; the November 4, 2011 hearing was vacated after the case was reassigned to this Court.

In the interest of judicial efficiency, the Court will review the sufficiency of the proposed second amended complaint. The proposed second amended complaint is 195 pages, not including 46 exhibits attached to the complaint. The "Introduction" section of the complaint alleges,

> 8. On one Spring April (Fool's Day) 2002, I was moved to speak in the name of our down home, great social/public good. Fellow citizens were distraught and terrified and crushed due to the fact that the government was auctioning off their homes/properties, rendering them damaged, homeless and in despair. They [illegible], the alleged reasons of delinquency were false, drummed up, untrue.
>
> 9. Speaking in their name(s), I called Marin County Civic Center, with a request if some facts checking was possible since the consequences of these auction proceedings have such grave consequences.
>
> 10. The result of my exercise of helping another(s) of the Right of Free Speech, the Right of Association and the Right of Freedom from Hate Crimes, the Personal Right(s) . . . et al., were all torn and tattered, and my HOPE turned to doubt, soon followed by despair – all the by hand of the Government.
>
> 11. I got called racial epi[thets], discriminated, put in place and threatened for "putting my nose in other people's business et al."
>
> 11.[2] Soon after, my property and name were deemed delinquent and later put on the public auction, sending me and family toward homelessness and despair.

---

[2] The complaint contains two paragraphs numbered "11."

  12. Such oppression, depravation, indignity is happening HERE.  Under your and "MINE" Constitution, Flag, in USA, California, in our beloved, hip, hot and spiritual? County, in the Land of the Free, in XXlc.  Here – at the beginning (or the end?) of the Golden Gate.  We <u>ALL</u> came out – DAMAGED – .  This is NOT what My Little Constitution "promised."

Proposed SAC ¶¶ 8-12.  The remainder of the complaint contains similar allegations.  The complaint alleges 44 claims, including violations of plaintiff's constitutional rights, "hostile environment," RICO claims, embezzlement, perjury, abuse of power, conspiracy, fraud, and assault and battery.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted.  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  The Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor.  *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

*Pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Where the plaintiff is *pro se*, the Court has an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of any doubt.  *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).  However, a *pro se* plaintiff must still allege facts sufficient to allow a reviewing court to determine that a claim has been stated.  *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

**DISCUSSION**

Defendant has moved to dismiss the complaint for failure to state a claim. Defendant argues that plaintiff "poetically sets forth legally meaningless and pointless facts ad nauseum" and that the proposed second amended complaint does not allege any claims that are actionable. Plaintiff did not file an opposition to defendant's motion.

The Court finds that the proposed second amended complaint fails to state a claim upon which relief can be granted. The complaint repeatedly and generally accuses defendants of violating plaintiff's rights, but the complaint does not contain specific factual allegations about what each defendant did or how defendant's actions violated the law. In light of plaintiff's *pro se* status, the Court will grant plaintiff leave to file an amended complaint. If plaintiff files an amended complaint, the complaint shall (1) identify the basis of the Court's jurisdiction (for example, if there is a federal claim and/or if there is diversity jurisdiction under 28 U.S.C. § 1332); (2) specifically identify the claims that plaintiff is asserting (for example, if plaintiff is suing under a federal or state statute, the complaint shall identify that statute); (3) state, as clearly and succinctly as possible, the facts giving rise to the complaint, including the dates upon which the events occurred; and (4) state the relief that plaintiff seeks (for example, monetary damages and/or injunctive relief).

**CONCLUSION**

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss and GRANTS plaintiff leave to file an amended complaint. **If plaintiff wishes to file an amended complaint, the amended complaint must be filed by December 22, 2011**. This order resolves Docket Nos. 9 and 11. **If plaintiff fails to file an amended complaint, the Court will dismiss this action without prejudice for failure to prosecute.**

**IT IS SO ORDERED.**

Dated: November 28, 2011

SUSAN ILLSTON
United States District Judge